IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JOHNNY JOE MARTINEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:19-CV-00011-M-BQ |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

In accordance with Special Order 3-251, this habeas case filed pursuant to 28 U.S.C. § 2241 has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the undersigned recommends that the habeas petition be **DENIED** and **DISMISSED** with prejudice as barred by the statute of limitations. Also, any certificate of appealability should be **DENIED**.

## I. BACKGROUND

On December 25, 2018,[1] Petitioner, then an inmate in the Eastham Unit of the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. No. 1) (the Petition). Petitioner challenges his 2016 conviction and sentence in Cause No. 7017 in the 121st District Court of Terry County, Texas. (Dkt. No. 1, at 3.) In that case, pursuant to a plea agreement, Petitioner pleaded guilty to first-degree felony sexual assault of a child, enhanced by a prior

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) ("[A] pro se prisoner's habeas petition is filed, for purposes of determining the applicability of the AEDPA, when he delivers the papers to prison authorities for mailing."). Although the envelope is post-marked January 17, 2019, the petition states that Petitioner signed and placed it in the prison mailing system December 25, 2018. Dkt. No. 1, at 9. The Court liberally construes the petition by considering the earliest possible date.

conviction for burglary of a habitation. (Dkt. No. 17-2, at 5–11, 18–19.) On June 29, 2016, Petitioner was sentenced to five years' imprisonment. (*Id.* at 18–19.) As part of his guilty plea, Petitioner waived his right to appeal. (*Id.* at 12–13.)

On April 3, 2018, Petitioner filed a state application for writ of habeas corpus challenging his conviction. (Dkt. No. 19-2, at 31–47.) But on May 30, 2018, the Texas Court of Criminal Appeals (TCCA) denied the application without written order on findings of the trial court without a hearing. (Dkt. No. 17-3, at 2.)

Petitioner now challenges his guilty plea and conviction on four grounds:

(1) His conviction was obtained by a violation of the privilege against self-incrimination.

(2) His guilty plea was the result of intimidation, discrimination, and sexual advances by his attorney.

(3) His conviction was obtained by the prosecution's failure to disclose favorable evidence.

(4) His rights were violated and "mocked" when he accepted a five-year sentence with a chance to appeal as stated on the record by the trial judge.

In the Answer, Respondent argues the Petition should be dismissed with prejudice because several of the grounds raised by Petitioner are unexhausted and procedurally barred. (*See* Dkt. No. 17.) Respondent further argues that the Petition is without merit and time-barred in its entirety. *Id.* Petitioner did not file a response and the time to do so has passed.

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214, on April 24, 2006. It applies to all federal petitions for habeas corpus filed after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997); *see also* 110 Stat. 1217–1221 (governing habeas petitions in federal court). Among

2

its provisions, the AEDPA establishes a one-year limitations period for state inmates seeking federal habeas relief. *See* 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Petitioner does not allege that state action prevented him from filing a § 2254 petition earlier, and he has not alleged any newly recognized constitutional right. *See* § 2244(d)(1)(B), (C). Moreover, Petitioner's allegations became known or could have become known through the exercise of due diligence prior to the date his conviction became final.[2] *See* § 2244(d)(1)(D). So, in this case, the one-year period of limitation ran from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A).

---

[2] As alleged, Petitioner knew of the claimed violations during the pendency of his criminal proceeding. Even the claim involving the prosecution's alleged failure to disclose favorable evidence was either known or could have been known prior to his conviction becoming final because, according to Petitioner, his court appointed attorney "stated there were statements and confessions that had changed, but [he] kept insisting" that Petitioner accept a plea bargain. (Dkt. No. 1, at 6) (identifying facts supporting his failure to disclose favorable evidence claim).

3

Respondent posits that, under *Rodriguez v. Thaler*, 664 F.3d 952 (5th Cir. 2011), Petitioner's conviction became final on June 29, 2016—the date of his sentencing—because he waived his right to appeal as an express term of the plea agreement. (Dkt. No. 17, at 9.) The Court notes that a split exists among federal courts in Texas over when a judgment becomes final in cases where, as here, a petitioner waives the right to appeal. Specifically, the question arises whether a conviction becomes final for AEDPA purposes upon entry of the guilty plea (with an appellate waiver) or following exhaustion of an appeal, invalid or otherwise. *See, e.g., Whittle v. Stephens*, Civil Action No. 3:15-CV-1783-L, 2015 WL 3884221, at *3–4 (N.D. Tex. June 22, 2015) (collecting and examining cases); *see also Barnes v. Mossburger*, No. 3:15-CV-4021-D (BH), 2018 WL 1449398, at *2–3 (N.D. Tex. Feb. 16, 2018) (recognizing the split but finding that, because "federal courts should not 'delve into the merits' of a possible appeal to determine whether an appeal could have proceeded in light of a waiver of appeal and the record[,] . . . in a case in which there was a waiver of appeal and no appeal was filed, the judgment becomes final at the expiration of the thirty-day period for filing a notice of appeal" under the state court rules (citations omitted)), *R. & R. adopted by* 2018 WL 1426978 (N.D. Tex. Mar. 22, 2018).

The undersigned finds Respondent's reliance on *Rodriguez* misplaced, as the Fifth Circuit concluded that the record did not establish that the petitioner "actually waived his right to appeal." *Rodriguez*, 664 F.3d at 954. Nevertheless, this Court need not resolve the underlying question to conclude that Petitioner's federal habeas petition, filed on December 25, 2018, is time-barred. Here, Petitioner was sentenced on June 29, 2016, and that judgment became final on July 29, 2016.[3] Discounting the appellate waiver, which in this case is

---

[3] Petitioner admits he did not file an appeal. (Dkt. No. 19-2, at 33.)

undisputed, Petitioner had until July 31, 2017,[4] to file his federal habeas petition. *See* Tex. R. App. P. 26.2(a)(1) (stating that "[t]he notice of appeal must be filed . . . within 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order"); *Rodriguez*, 664 F.3d at 954 (finding that petitioner had thirty days following imposition of sentence to pursue direct review/appeal). Petitioner filed this action on December 25, 2018—almost one year and five months after the deadline to file. His § 2254 petition is therefore untimely in the absence of statutory or equitable tolling.

### A.   Statutory Tolling

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's state habeas application was received by the trial court on April 3, 2018, over eight months after his limitations period expired on July 31, 2017. Thus, Petitioner's state habeas petition did not toll the already expired limitations period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (providing that application filed in state court after expiration of the limitations period does not statutorily toll the limitations period). The statutory tolling period does not save the Petition.

### B.   Equitable Tolling

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (explaining that only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of

---

[4] July 29, 2017, was a Saturday, so Petitioner had until the next business day to file his federal petition.

equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573 (5th Cir. 2013). A habeas petitioner is entitled to equitable tolling only if he shows that: (1) "he has been pursuing his rights diligently"; and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden to show entitlement to equitable tolling. *See, e.g.*, *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case to determine whether sufficient exceptional circumstances exist to warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Petitioner vaguely states in one of his grounds that the trial judge led him to believe he would have the right to appeal his conviction, but the record shows that Petitioner received and signed a variety of documents, including a "Waiver of Right to Appeal," indicating that after consulting with his attorney he voluntarily, knowingly, and intelligently waived his right to appeal. (*See* Dkt. No. 17-2, at 12.) Even if the Court were to conclude that the trial judge misled him in that instance, there is no support to conclude that Petitioner was "actively misled" or prevented in some extraordinary way from asserting his rights for almost two years following his conviction until he filed his state habeas application. Petitioner has not met his burden to show that he has been pursuing his rights diligently, or that any

extraordinary circumstance prevented him from timely filing his Petition. Accordingly, Petitioner is not entitled to equitable tolling.

### C. Actual Innocence

In *McQuiggin v. Perkins*, 569 U.S. 383, 386–91 (2013), the Supreme Court held that even where a habeas petitioner has failed to demonstrate the due diligence required to equitably toll the statute of limitations, a plea of actual innocence can overcome the AEDPA statute of limitations under the "miscarriage of justice" exception to a procedural bar. A tenable actual innocence claim must persuade a district court that it is more likely than not that no rational fact-finder would have found the petitioner guilty beyond a reasonable doubt in light of the new evidence and the evidence presented at trial. *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (citing *McQuiggin*, 569 U.S. at 399). The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *McQuiggin*, 569 U.S. at 399–400. "[A] credible claim [of actual innocence to excuse the untimeliness of a habeas petition] must be supported by 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Floyd*, 894 F.3d at 155 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). "This exception's demanding standard requires evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error. . . . The standard is seldom met." *Id.* at 154–55 (internal quotation marks and citations omitted).

There is a split among district courts as to whether *McQuiggin* applies to a guilty plea case such as this one. *See Thomas v. Stephens*, No. 4:13-CV875-A, 2014 WL 929031, at *3 & n.3 (N.D. Tex. Mar. 7, 2014) (citing cases). Even if *McQuiggin* applies, Petitioner does not allege that he is actually innocent of sexual assault of a child, and his claims do

not present evidence of actual innocence. Accordingly, he cannot overcome the applicable AEDPA limitations period on this basis. His § 2254 motion should be denied as untimely.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 22 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c), Petitioner has failed to show that reasonable jurists would (1) find this Court's "assessment of the constitutional claims debatable or wrong," or (2) "find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Based on the record, Petitioner has not shown that reasonable jurists would question the Court's acceptance of this recommendation, and a certificate of appealability should be denied. *See* Fed. R. App. P. 22(b); *see also* 28 U.S.C. § 2253(c)(2).

### IV. RECOMMENDATION

The Petition filed under 28 U.S.C. § 2241 should be **DENIED** and **DISMISSED with prejudice** as barred by the AEDPA statute of limitations. Moreover, a certificate of appealability should be denied.

### V. RIGHT TO OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate

judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: March 22, 2021.

D. GORDON BRYANT, JR.
United States Magistrate Judge